UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES

VERSUS                                                    CRIMINAL

GEORGE L. GRACE, SR.                          NO. 10-143-RET-SCR

# MOTION FOR RULE 16 DISCOVERY

NOW INTO COURT, comes the defendant, GEORGE L. GRACE, SR., and requests discovery in accordance with Rule 16, Title 18:3500, and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed. 2d 215 (1963) of the following materials:

1.

Any payments made to any person with respect to Operation Blighted Officials and/or the investigation of Mayor George L. Grace, Sr., or any other officials charged in connection with the investigation.

2.

Please specifically identify each and every audio and/or video recording of the meeting held at Ralph & Kacoo's on June 9, 2010.

3.

As to Count 5, please specifically identify each and every audio and/or video recording as it relates to the individual identified as "BE" in the superseding indictment

involving the alleged four occasions whereby Grace received money from 2002 to 2007 in the amounts of $1,000.00, $3,500.00, $2,000.00 and $1,000.00.

4.

As to Count 13, please specifically identify any and all video and/or audio recordings wherein you allege George Grace took $2,000.00 from a Cifer Businessman as a bribe.

5.

Please specifically identify any and all audio and/or video recordings produced which support the allegation made on Page 18, Paragraph 50 on the superseding indictment, that on March 8, 2010, George Grace accepted $2,000.00 from WM in exchange for setting a meeting with other public officials.

6.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "an additional violation of racketeering in which it is alleged that on February 2, 2010 George Grace accepted $1,000.00 from W.M. in exchange for a letter to the EPA" on Page 18, Paragraph 49(b).

7.

Various electronic recordings have been provided to our office on several cd's and an external hard drive. Specifically, we are missing the following folders:

**Missing Folders**
1 through 88
88 through 92
94
96 through 201
103 through 105
107 through 111
113
115 through 118
120 through 124
126
129
131 through 133
137
140
142
143
145
148
174
175
179
180
182
183
185
187
188
191 through 195
200
201
206
207
209
210
211
214 through 217
220
223 through 236
238

Page 3 of 17

Case 3:10-cr-00143-SMH-SCR    Document 29    11/22/11    Page 3 of 17

239
241 through 243
247
248
250 through 267
269
270
272 through 279
281 through 295
298 through 358
360 through 374
376 through 393
395 through 404
406 through 418
420 through 433
435 through 449
451 through 461
463 through 470
472 through 477
481 through 484
486
489 through 492
495
497 through 508
510
511
513 through 515
517
518
522 through 524
526 through 534
536
537
539 through 548
551
553 through 556
558 through 564
566 through 573
575 through 584
586

590 through  595
597 through  606
608 through  616
618
619
622 through  627
631 through 638
640
642 through 647


In addition to those missing folders, we have missing files within the folders:

| **Folder** | **Missing Files** |
|---|---|
| 89 | DW_B0086, DW_B0089 & DW_0090 |
| 93 | WS_10350, WS_10351, WS_10354, WS_10356, WS_10357, WS_10358, WS_10359, WS_10360, WS_10361, WS_10362, WS_10363, WS_10364, WS_10365, WS_10366, WS_10367 & WS_10368 |
| 102 | DW_B0098, DW_B0101, DW_B0102 & DW_B0105 |
| 106 | DW_D0126, DW_D0127, DW_D0128, DW_D0129, DW_D0130, DW_D0131, DW_D0132, DW_D0133 & DW_D0134 |
| 114 | WS_10403, WS_10405, WS_10407, WS_10408 & WS_10410 |
| 125 | DW_A0150, DW_A0152, DW_A0153, DW_A0157, DW_A0158 & DW_A0161 |
| 127 | WS_10003, WS_10004, WS_10005, WS_10006, WS_10007, WS_10009 & WS_10010 |
| 128 | DW_169, DW_170, DW_171, DW_172, DW_173, DW_174, DW_175 |
| 130 | WS_10003, WS_10004, WS_10007, WS_10008, WS_10009, WS_10010 & WS_10011 |
| 134 | DW_A0193, DW_A0194, DW_A0197, DW_A0198, DW_A0199, DW_A0200, DW_A0201 & DW_A0202 |
| 138 | WS_10008, WS_10009 & WS_10010 |
| 141 | DW_A0214, DW_A0215, DW_A0217, DW_A0225 & DW_A0231 |
| 150 | WS_10015 |
| 156 | WS_10006, WS_10008 & WS_10016 |
| 159 | DW_A0265, DW_A0268, DW_A0273 & DW_A0275 |
| 161 | blighted o.004 & blighted o.006 |
| 165 | blighted officia.004 |
| 166 | DW_BO296, DW_BO301, DW_BO309, DW_BO310 & DW_BO312 |
| 168 | BO.004 & BO.006 |
| 172 | DW_A0340, DW_A0345 & DW_A0346 |
| 173 | VV.003 |
| 178 | DW_A0366 |

| | |
|---|---|
| 184 | DW_A0381, DW_A0382, DW_A0383, DW_A0386 & DW_A0389 |
| 186 | blighted o.001 & blighted o.002 |
| 197 | blighted officia.005 & blighted officia.007 |
| 199 | DW_A0397, DW_A0398, DW_A0400, DW_A0403, DW_A0409, DW_A0410, DW_A0412, DW_A0413, DW_A0414 & DW_A0429 |
| 203 | blighted o.001 |
| 205 | DW_A0437 |
| 208 | XXXX.002, XXXX.005, XXXX.009, XXXX.014, XXXX.016, XXXX.017 & XXXX.018, |
| 219 | BLIGHTED O.001, BLIGHTED O.002, BLIGHTED O.004, BLIGHTED O.005, & BLIGHTED O.006 |
| 222 | DW_A0475 |
| 237 | DW_A0490 through DW_A0495 & DW_0497 through DW_0499 |

Did these folders and/or files ever exist? If so, please produce said files and explain why have they not been produced in discovery to date?

8.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[i]n or about October 2005, in the Middle District of Louisiana, GRACE did knowingly attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, that is, GRACE sought to obtain a significant interest in a multi-million dollar property development project not due GRACE or his office, from L.G." as set forth on Page 14, Paragraph 40 of the superceding indictment.

9.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[i]n or about October or November 2005, in the Middle District of

Louisiana, GRACE did knowingly attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, that is, GRACE sought to obtain a significant interest in a potential retail development not due GRACE or his office, from L.G." as set forth on Page 15, Paragraph 41 of the superceding indictment.

10.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[i]n or about October or November 2005, in the Middle District of Louisiana, GRACE did knowingly attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, that is, GRACE sought to obtain $18,000 not due GRACE or his office, from L.G." as set forth on Page 15, Paragraph 42 of the superceding indictment.

11.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[f]rom in or about 2002 through in or about 2007, in the Middle District of Louisiana, GRACE did knowingly attempt to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, that is, GRACE sought and obtained approximately $7,500 in cash not due GRACE or his office, from B.E." as set forth on Page 15, Paragraph 43 of the superceding indictment.

12.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[o]n or about August 28, 2007, in the Middle District of Louisiana, GRACE, with the intent to hinder, delay, and prevent the communication to a law enforcement officer relating to the commission or possible commission of a Federal offense, namely extortion under Title 18, United States Code, Section 1951, corruptly did attempt to persuade B.E." as set forth on Page 15 & 16, Paragraph 44 of the superceding indictment.

13.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[o]n or about May 15, 2008, in the Middle District of Louisiana, GRACE, a public official, did accept and agree to accept $1,500 cash from W.M. with the intent to influence his conduct in relation to his position, employment, and duty, that is, GRACE accepted and agreed to accept the cash in exchange for future official acts relate to the purchase of property in the City" as set forth on Page 16, Paragraph 45 of the superceding indictment.

14.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[o]n or about July 11, 2008, in the Eastern District of Louisiana, GRACE, a public official, did accept and agree to accept $2,000 cash from W.M. with the

intent to influence his conduct in relation to his position, employment, and duty, that is, GRACE accepted and agreed to accept the cash in exchange for causing the zoning for certain property in the City to be changed" as set forth on Page 16, Paragraph 46 of the superceding indictment.

15.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[o]n or about October 6, 2008, in the Eastern District of Louisiana, GRACE, a public official, did accept and agree to accept $2,000 cash, in New Orleans Saints tickets, and luxury hotel rooms from the Cifer Businessmen with the intent to influence his conduct in relation to his position, employment, and duty, that is, GRACE accepted and agreed to accept the cash and other things of value in exchange for using his position as Mayor to support the Cifer" as set forth on Page 16, Paragraph 47 of the superceding indictment.

16.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[i]n or about November 2008, in the Middle District of Louisiana and elsewhere, GRACE, a public official, did solicit and agree to accept payment of an international airplane ticket from the Cifer Businessmen with the intent ot influence his conduct in relation to his position, employment, and duty, that is, GRACE agreed to accept

the payment in exchange for providing the Cifer Businessmen with the investor letter, which letter GRACE believed would be used by the Cifer Businessmen with the investor letter, which letter GRACE believed would be used by the Cifer Businessmen to generate up to $3,000,000 in private funding for the Cifer" as set forth on Page 17, Paragraph 48(a) of the superceding indictment.

17.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[o]n or about February 2, 2009, in the Middle District of Louisiana and elsewhere, GRACE, a public official, did accept $8,000 from the Cifer Businessmen with the intent to influence his conduct in relation to his position, employment, and duty, that is, GRACE accepted the money in exchange for providing the Cifer Businessmen with the investor letter" as set forth on Page 17, Paragraph 48(b) of the superceding indictment.

18.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[o]n or about January 30, 2010, in the Eastern District of Louisiana, GRACE, a public official, did agree to accept $1,000 from W.M. with the intent to influence his conduct in relation to his position, employment, and duty, that is, GRACE agreed to accept the money in exchange for providing W.M. with the EPA letter, which letter GRACE believed would be used in connection with a $3,000,000 federal grant request for the Cifer

5000" as set forth on Page 17 & 18, Paragraph 49(a) of the superceding indictment.

19.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[o]n or about March 8, 2010, in the Middle District of Louisiana, GRACE, a public official, did accept $2,000 from W.M. with the intent to influence his conduct in relation to his position, employment, and duty, that is, GRACE accepted the money in exchange for using his position to arrange meetings for W.M. with other public officials regarding the Cifer 5000" as set forth on Page 18, Paragraph 50 of the superceding indictment.

20.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "GRACE attempted to obtain a significant interest in a multi-million dollar project involving the resettlement of Hurricane Katrina victims" as set forth on Page 18 & 19, Paragraph 52 of the superceding indictment.

21.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "GRACE attempted to obtain a significant interest in a potential retail development" as set forth on Page 18 & 19, Paragraph 52 of the superceding indictment.

22.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "GRACE attempted to obtain approximately $18,000" as set forth on Page 18 & 19, Paragraph 52 of the superceding indictment.

23.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[f]rom in or about 2002 through in or about 2007, in the Middle District of Louisiana, GEORGE L. GRACE, SR., defendant herein, did knowingly attempt to obstruct, delay, and affect commerce and the movement or articles and commodities in commerce by extortion, that is, GRACE obtained property, namely $7,500 in cash not due GRACE or his office" as set forth on Page 19, Paragraph 54 of the superceding indictment.

24.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[o]n or about August 28, 2007, in the Middle District of Louisiana, GEORGE L. GRACE, SR., defendant herein, with the intent to hinder, delay, and prevent the communication to law enforcement officer relating to the commission or possible commission of a Federal offense, namely, extortion in violation of Title 18, Untied States Code, Section 1951, did corruptly attempt to persuade B.E. to conceal information from the FBI concerning the cash payments GRACE solicited and took from B.E." as set forth on

Page 19 & 20 , Paragraph 56 of the superceding indictment.

25.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[o]n or about October 1, 2007, in the Middle District of Louisiana, GEORGE L. GRACE, SR., defendant herein, in a matter within the jurisdiction of the executive branch of the Government of the Untied States, that is, the United States Departments of Justice and Homeland Security, did knowingly and willfully make false and fraudulent material statements and representations to Special Agents with the Federal Bureau of Investigation and the U.S. Department of Homeland Security, Office of Inspector General, in that, GRACE falsely denied that (1) he had received cash payments from B.E., and (2) he had discussed the receipt of such payments with B.E." as set forth on Page 20 , Paragraph 58 of the superceding indictment.

26.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[f]rom in or about May 2008, until in or about July 2008, in the Middle District of Louisiana, GEORGE L. GRACE, SR., defendant herein, did knowingly and corruptly solicit, accepts, and agree to accept cash and other things of value from W.M., intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of the City, that is, a series of transactions involving property in the

City, the value of which exceeded $5,000"" as set forth on Page 20 , Paragraph 60 of the superceding indictment.

27.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "GEORGE L. GRACE, SR., defendant herein, devised the above described scheme to defraud, for the purpose of executing the scheme, and attempering to do so" when "GRACE caused the mailing of the investor letter sent via U.S. Mail from St. Gabriel, Louisiana to Dallas, Texas" as set forth on Page 21 , Paragraph 64 of the superceding indictment.

28.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "GEORGE L. GRACE, SR., defendant herein, devised the above described scheme to defraud, for the purpose of executing the scheme, and attempering to do so" when "GRACE caused the transmission of an email from St. Gabriel, Louisiana, via the internet to New Orleans, Louisiana. The email provided instructions for the purchase of an airline ticket for GRACE's business associate" as set forth on Page 21 , Paragraph 64 of the superceding indictment.

29.

Please specifically identify any and all audio and/or video recordings which support

the allegation made that "GEORGE L. GRACE, SR., defendant herein, devised the above described scheme to defraud, for the purpose of executing the scheme, and attempering to do so" when "GRACE caused the wiring of $1,000 from a bank account located in Dallas, Texas to his (GRACE's) personal credit union account located in Baton Rouge, Louisiana" as set forth on Page 22 , Paragraph 64 of the superceding indictment.

30.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[o]n or about December 3, 2008, GEORGE L. GRACE, SR., defendant herein, used a facility in interstate commerce, that is, a telephone, with the intent to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, bribery, in violation of Title 14, Louisiana Revised Statutes, Section 118, and thereafter did perform and attempt to perform an action to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity, specifically, GRACE took $8,000 from the Cifer Businessmen" as set forth on Page 22, Paragraph 66 of the superceding indictment.

31.

Please specifically identify any and all audio and/or video recordings which support the allegation made that "[o]n or about March 5, 2010, GEORGE L. GRACE, SR., defendant

herein, used a facility in interstate commerce, that is, a telephone, with the intent to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, bribery, in violation of Title 14, Louisiana Revised Statutes, Section 118, and thereafter did perform and attempt to perform an action to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity, specifically, GRACE took $2,000 from the Cifer Businessmen" as set forth on Page 23, Paragraph 68 of the superceding indictment.

32.

Please produce any and all documentation or data, in whatever format and regardless of where located, which shows the amount paid for services and the amount paid for reimbursement/expenses to and/or on behalf of William Myles by the Government.

33.

Please produce any and all vouchers or other documents submitted by or on behalf of William Myles or other persons which document any expenses for which William Myles sought reimbursement of any expenses (whether approved or denied by the Government.)

34.

Please produce any and all credit card receipts, gasoline card receipts, hotel receipts,

sporting ticket purchase receipts, restaurant receipts, or other receipts or documentation of any nature or kind whatsoever which document any expenses for which William Myles sought reimbursement and/or which was paid as an "expense" in this case relative to William Myles (whether approved or denied by the Government.)

35.

Please produce any and all expense reimbursement forms or other documents submitted by or on behalf of William Myles for which he sought reimbursement of any expense (whether approved or denied by the Government.)

RESPECTFULLY SUBMITTED:

s/Robert M. Marionneaux, Jr.
ROBERT M. MARIONNEAUX, JR. (#23848)
UNGLESBY & MARIONNEAUX
246 Napoleon St.
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0120
Facsimile: (225) 336-4355

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2011, a copy of the foregoing motion was filed with the Clerk of Court. Notice of this filing will be sent to all counsel of record, by operation of the court's electronic filing system.

s/Robert M. Marionneaux, Jr.
ROBERT M. MARIONNEAUX

Page 17 of 17

Case 3:10-cr-00143-SMH-SCR   Document 29   11/22/11   Page 17 of 17