## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00143 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GEORGE L. GRACE, SR. | MAGISTRATE JUDGE RIEDLINGER |

### MEMORANDUM ORDER

Before the Court is Defendant George L. Grace, Sr.'s ("Grace") Supplemental and Amending Motion in Limine to Exclude Statements (Record Document 100). While labeled a motion in limine, the instant motion is clearly a motion to suppress, as the defense seeks to exclude statements, as well as any fruits of those statements, allegedly made by Grace at the time his office was raided by the FBI on July 7, 20120. See id. The defense contends:

> When the FBI raided Mr. Grace's work, he was in a position that he understood he was restrained from leaving or having freedom to move as he pleased. Mr. Grace was not read his Miranda rights at this time during the raid of his office. As such, he was under a restraint similar to arrest and should have been read is Miranda rights and any statements made by Mr. Grace are inadmissible to this court.

Id. at 1-2.

The United States responded, arguing that Grace has alleged no facts to establish that he was in custody during the interview. See Record Document 127. The United States relies heavily upon United States v. Crawford, 52 F.3d 1303 (5th Cir. 1995). In Crawford, the Fifth Circuit affirmed a district court's denial of a motion to suppress, stating:

> At the conclusion of the hearing, the court determined that, although the agents "descended on this business," they did so with the purpose of conducting a search and gathering evidence. That occurrence did not translate into the custody of the Defendants.

Id. at 1308.

At the outset, the Court finds that no evidentiary hearing on the motion to suppress is necessary. Such hearings "are held only when the defendant alleges sufficient facts which, if proven, would justify relief." U.S. v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983). Here, Grace's scant motion is simply not "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." Id.

It is undisputed that Miranda warnings must be given prior to a custodial interrogation. See Crawford, 52 F.3d at 1307. "A person is 'in custody' for Miranda purposes when placed under formal arrest or when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." Id. Moreover, it is well established that the burdens of production and persuasion generally rest upon the movant as to a suppression issue. See United States v. de la Fuente, 548 F.2d 528, 533 (5th Cir. 1977). "[T]he defendant must first discharge his initial burden of producing some evidence on specific factual allegations sufficient to make a *prima facie* showing of illegality" before the burden of persuasion will shift to the Government. Id. at 534.

A review of Grace's motion, which is only two pages in length and is unsupported by affidavits, reveals that he has not alleged sufficient facts to establish that he was in custody at the time of his interview. Rather, he has merely alleged, in conclusory fashion, "that he understood he was restrained from leaving or having freedom to move as he pleased." Record Document 100 at 1. This unsupported allegation in no way alleges specific facts to establish that his freedom of movement was curtailed by the FBI. See Crawford, 52 F.3d at 1308 ("although the agents 'descended on this business,' they did so with the purpose of conducting a search and gathering evidence. That occurrence did not

translate into the custody of the Defendants."); Michigan v. Summers, 452 U.S. 692, 702, 101 S.Ct. 2587, 2594 (1981) (detention of homeowner during execution of search warrant was "'substantially less intrusive' than an arrest").

Accordingly,

**IT IS ORDERED** that Defendant George L. Grace, Sr.'s Supplemental and Amending Motion in Limine to Exclude Statements (Record Document 100) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of December, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE